BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ARCHERY PRODUCTS ANTITRUST LITIGATION | MDL No. 3160 |

**INTERESTED PARTY RESPONSE OF PLAINTIFF HUGH HANSEN TO MOTION TO TRANSFER RELATED ACTIONS FOR CONSOLIDATED OR COORDINATED PRETRIAL PROCEEDINGS**

I. INTRODUCTION

Pursuant to Multidistrict Litigation Rule of Procedure 6.2(e), Plaintiff Hugh Hansen[1] ("Plaintiff" or "Hansen") files this Interested Party Response to Plaintiff Shawn Butter's ("Movant") Motion to Transfer Related Actions for Consolidated or Coordinated Pretrial Proceedings.[2] *See* ECF Doc. 1. Plaintiff supports the Movants' request for centralization of the Related Actions but instead supports the transfer of these actions to either the Middle District of Tennessee or the District of Minnesota. For the reasons below, either of these districts would serve as a proper venue for consolidation.

---

[1] *See* Complaint, *Hansen v. Archery Trade Association, Inc., et al.*, 3:25-cv-00779 (M.D. Tenn.).
[2] The Related Actions consist of seventeen actions. Three actions are located in the District of Colorado: *Sabatini v. Hoyt Archery, et al.*, 1:25-cv-02355-RMR-SBP (D. Co.), filed July 30, 2025; *Goodall v. Hamskea Archery Solutions LLC, et al.*, 1:25-cv-02506-TPO (D. Co.), filed August 12, 2025; *Milby v. Hamskea Archery Solutions LLC, et al.*, 1:25-cv-02507-SBP (D. Co.), filed August 12, 2025. Six actions are located in the District of Minnesota: *Babst v. Archery Trade Association, Inc., et al.*, 0:25-cv-02721-LMP-ECW (D. Minn.), filed June 27, 2025; *Janochoski v. Hoyt Archery, Inc., et al.*, 0:25-cv-02788-LMP-ECW, filed July 7, 2025, *Langley v. Bowtech, Inc., et al.*, 0:25-cv-03190-PJS-DJF (D. Minn.), filed August 8, 2025; *Simcik v. Archery Trade Association, Inc., et al.*, 0:25-cv-02875-LMP-JFD (D. Minn.), filed July 16, 2025; *Swails v. Archery Trade Association, Inc., et al.*, 0:25-cv-03146-LMP-ECW (D. Minn), filed August 7, 2025; *Vale v. Hoyt Archery, Inc. et al.*, 0:25-cv-03110-LMP-ECW (D. Minn.), filed August 1, 2025. Two actions are located in the Western District of Missouri: *Carollo v. Bowtech, LLC, et al.*, 4:25-cv-00631-SRB (W.D. Mo.), filed August 12, 2025; *Dunkin v. Bowtech, LLC, et al.*, 4:25-cv-00546-BP (W.D. Mo.), filed July 15, 2025. One action is located in the Eastern District of Pennsylvania: *Hernandez Diaz v. Bowtech, Inc. et al.*, 5:25-cv-04277-CH (E.D. Pa.), filed July 29, 2025. One action is located in the Western District of Pennsylvania: *Butter v. Archery Trade Association, Inc., et al.*, 2:25-cv-01004-MJH (W.D. Pa.), filed July 17, 2025. Two actions are located in the District of Utah: *Close v. Hoyt Archery Inc. et al.*, 2:25-cv-00617-JNP (D. Utah), filed July 28, 2025; *Santarlas v. Bowtech Inc., et al.*, 2:25-cv-00436-DBB-DBP (D. Utah), filed May 30, 2025. One action is located in the Western District of Wisconsin: *Montpetit v. Hoyt Archery, Inc., et al.*, 3:25-cv-00653-AMB (W.D. Wis.), filed August 5, 2025. Finally, Plaintiffs' action is located in the Middle District of Tennessee: *Hansen v. Archery Trade Association, Inc., et al.*, 3:25-cv-00779 (M.D. Tenn.), filed July 14, 2025.

## II. BACKGROUND

Plaintiffs across all fourteen actions allege a coordinated web of anticompetitive conduct in the "Archery Products"[3] market. There is a significant and growing market for Archery Products in the United States: according to the Archery Trade Association ("ATA") there were an estimated 9.9 million bowhunters, 17.6 million recreational archers, and 5.4 million competitive archers above the age of 15 as of 2020. Through the implementation and vigorous enforcement of minimum advertised price ("MAP") policies, defendants allegedly enacted an illegal conspiracy to eliminate price competition in the Archery Products Market.

## III. ARGUMENT

### A. Centralization Serves the Purposes of 28 U.S.C. § 1407

Transfer and centralization is both proper and would serve the goals of 28 U.S.C. §1407: "the just and efficient conduct of such actions." The cases involve common questions of fact; consolidation and transfer will be for the convenience of parties and witnesses; and consolidation and transfer will promote the just and efficient conduct of the litigation. 28 U.S.C. §1407(a).

All plaintiffs allege anticompetitive conduct in the United States archery industry. Each class action cites conspiracy among the ATA, archery manufacturers, distributors, retailers, and software companies to fix the price of archery products. All the Plaintiffs allege this conduct violated Section 1 of the Sherman Act.

The convenience of the parties and witnesses would be served by transfer. All actions are in the preliminary stages of litigation. Eventually, these cases will demand discovery that will

---

[3] "Archery Products" refers to products used by consumers for bowhunting or archery. The associated products include but are not limited to: bows and their components; arrows and their components; arrowheads; targets; and accessories.

overlap across the actions, and any additional actions filed hereafter. The consolidation of these cases would conserve resources for all parties.

Finally, given the similar factual and legal issues mentioned in the preceding paragraphs, single adjudication would promote just and efficient conduct of the litigation. Centralization would thus serve those factors required by 28 U.S.C. §1407 and ought to be granted in this matter.

### B. The Panel Should Centralize the Actions in Either the Middle District of Tennessee or the District of Minnesota

Determination of the appropriate transferee district hinges on a variety of factors, including whether the forum is both convenient and accessible, the location of witnesses and evidence, and selection of a district that is well versed in the nuances of complex multidistrict litigation. *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014). The Middle District of Tennessee and District of Minnesota both would effectively and fully satisfy these requirements.

#### 1. The Middle District of Tennessee

The Middle District of Tennessee offers a convenient location for the parties and witnesses. The diversity of party location requires travel burdens to be a key consideration for a proper venue. Nashville International Airport has a recently completed a $1.5 billion renovation and has numerous direct flights to major transportation hubs across the United States. Moreover, the Middle District of Tennessee just finished the construction of the Fred D. Thompson U.S. Courthouse and Federal Building in Nashville in 2022. The Thompson Courthouse has enhanced security, which allows secure and efficient movement around the building of judges, judicial

staff, and visitors – key given the number of parties and law firms expected to be present throughout an MDL.[4]

The Middle District of Tennessee is also well equipped to handle the nuances and complexity required for multidistrict litigation. Further, centralization in this district would permit the Panel to assign this litigation to a less-utilized transferee forum with an experienced and respected judge: Honorable Aleta A. Trauger. Judge Trauger is a well-respected and highly accomplished jurist who is more than capable of efficiently and effectively handling a complex matter such as that MDL. In fact, the Panel just recently followed this exact line of reasoning by assigning the *In Re: Realpage, Inc., Rental Software Antitrust Litigation (No. II)* to the same District. 669 F.Supp.3d 1372, 1373 (J.P.M.L. 2023). That is the only currently pending MDL pending before the Middle District of Tennessee, giving the District key capacity to take on an additional matter. For these reasons, the Middle District of Tennessee would serve those requirements of the Panel and function as an ideal location for consolidation.

2. District of Minnesota

Alternatively, the District of Minnesota stands out as an exceptionally well-positioned location for the consolidation of these cases. As stated in the preceding section, consideration of factors such as flights and travel cannot be ignored when evaluating a matter as sweeping as this one. The Minneapolis-Saint Paul Airport is one of the nation's busiest transit hubs and would allow parties from the immense geographic diversity of this MDL easy access to a convenient location. Additionally, one of the key common defendants as alleged across the relevant cases[5] is

---

[4] New Courthouse in Nashville Maintains Classical Look with Enhanced Security, UNITED STATES COURTS, October 20, 2022, https://www.uscourts.gov/data-news/judiciary-news/2022/10/20/new-courthouse-nashville-maintains-classical-look-enhanced-security.
[5] *See n.* 2.

the ATA. The ATA is headquartered in New Ulm, Minnesota, less than 100 miles from the Minnesota District Court.

The District of Minnesota has a history of managing the demands and challenges required by voluminous and sweeping nationwide antitrust cases. In fact, there are three currently pending antitrust MDLs before the District of Minnesota. *See, e.g., In re Cattle & Beef Antitrust Litig.,* No. 0:22-md003031 JRT-JFD; *In re Pork Antitrust Litig.,* No. 0:18-cv-01776-JRT-JFD; and *In re Granulated Sugar Antitrust Litig.,* No. 0:24-md-03110-JWB-DTS. Notably, none of those existing antitrust cases or MDLs are before the judge to whom this matter has been assigned: Honorable Laura M. Provinzino. Judge Provinzino has yet to have the opportunity to preside over an MDL but is a capable and accomplished jurist who would be able to successfully navigate the challenges of such a matter. If the Middle District of Tennessee is not chosen, the District of Minnesota would be an excellent choice for this matter.

### IV.     CONCLUSION

For the foregoing reasons, Plaintiff submits this Interested Party Response in support of consolidation and requesting that the Panel order that the related actions, as well as any case subsequently filed asserting related or similar claims, be transferred to and centralized in either the Middle District of Tennessee or the District of Minnesota for consolidated or coordinated pretrial proceedings.

Dated: August 13, 2025                                         Respectfully submitted,

By: */s/ Michael J. Flannery*
Michael J. Flannery
**CUNEO GILBERT & LADUCA, LLP**
2 CityPlace Drive
Second Floor
St. Louis, MO 63105
Telephone: (314) 226-1015

Charles Barrett
**CUNEO GILBERT & LADUCA, LLP**
4234 Hillsboro Pike
Suite 300
Nashville, TN 37215
Telephone: (615) 293-7375
cbarrett@cuneolaw.com

Evelyn Riley
Cody McCracken
Alexandra C. Klein
**CUNEO GILBERT & LADUCA, LLP**
2445 M St., NW
Suite 740
Washington, DC 20037
Telephone: (202) 789-3960
evelyn@cuneolaw.com
cmccracken@cunolaw.com
aklein@cuneolaw.com

*Counsel for Plaintiffs and the Proposed Class*