**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: ARCHERY PRODUCTS ANTITRUST LITIGATION | MDL No. 3160 |

**PLAINTIFFS SHANE CLOSE AND CASEY MILBYS' RESPONSE IN OPPOSITION TO MOVANT'S MOTION TO CENTRALIZE AND TRANSFER THE RELATED ACTIONS TO THE WESTERN DISTRICT OF PENNSYLVANIA**

For the reasons set forth below, Plaintiffs Shane Close and Casey Milby ("Plaintiffs") oppose Movant Shawn Butter's ("Movant") Motion to Centralize and Transfer the Related Actions to the Western District of Pennsylvania pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Pretrial Proceedings (the "Motion"). While Plaintiffs support centralization, Plaintiffs respectfully submit that transfer to the District of Colorado (or, alternatively, the District of Utah) is more appropriate and is warranted.

## I.     BACKGROUND

On May 30, 2025, Joseph Santarlas, on behalf of himself and others similarly situated, filed an antitrust class action against archery product manufacturers and retailers, price tracking software providers, Trackstreet, Inc. ("Trackstreet") and Neuintel LLC d/b/a PriceSpider f/k/a Oris Intelligence ("PriceSpider") and a trade association in the District of Utah. *Santarlas v. Bowtech Inc., et al.*, Case No. 2:25-cv-00436 (D. Ut. 2025). The allegations in the *Santarlas* action are substantially similar as sixteen other actions which were filed soon thereafter (the "Related Actions") against the *Santarlas* Defendants and additional Defendants (hereinafter "Defendants").[1] The Related Actions allege that Defendants unlawfully agreed to collusive pricing policies to artificially increase, raise, fix, and/or stabilize prices for archery products in violation of Sections 1 and 3 of the Sherman Antitrust Act, 15 U.S.C. §§ 1, 3.[2]

Two of the actions filed are those of the Plaintiffs who file this brief in support of

---

[1] Defendants include Hamskea Archery Supply, LLC, Archery Trade Association, Inc., Bowtech Inc., BPS Direct, LLC d/b/ Bass Pro Shops. Cabela's LLC, Dick's Sporting Goods, Inc., Hoyt Archery, Inc., Jay's Sports, Inc. d/b/a Jay's Sporting Goods, Kinsey's Outdoors, Inc., Lancaster Archery Supply, Inc., Mathews Archery, Inc., Neuintel, LLC d/b/a PriceSpider f/k/a Oris Intelligence, Precision Shooting Equipment, Inc., and Trackstreet, Inc. (named in Plaintiff Milby's Complaint).

[2] *See,* **Attachment 1**, Schedule of Actions.

1

centralization but oppose transfer to the Western District of Pennsylvania. *Close v. Hoyt Archery, Inc., et al.*, Case No. 2:25-cv-00617 (D. Ut. July 28, 2025); and *Milby v. Hamskea Archery Solutions LLC, et al.*, Case No. 1:25-cv-02507 (D. Co. Aug. 12, 2025). Additionally, Plaintiffs join and support the arguments for centralization and transfer to the District of Colorado (or, alternatively District of Utah) which are made by *Santarlas* as well as in additional actions pending in District of Colorado. *See, Sabatini, et al. v. Hoyt Archery, Inc.*, Case No. 1:25-cv-02355 (D. Co. July 30, 2025); and *Goodall, et al. v. Hamskea Archery Solutions LLC*, Case No. 1:25-cv-02506 (D. Co. Aug. 12, 2025).

II.   **CENTRALIZATION OF THE ACTIONS IS APPROPRIATE**

**A. ALL OF THE PARTIES WHO FILED RESPONSES SUPPORT CENTRALIZATION OF THE RELATED ACTIONS**

All of the litigants who have filed responses to the Movant's Motion concede that the Related Actions share "common questions of fact" and support centralization of the Related Actions in one district for pre-trial proceedings to promote the just and efficient resolution of the actions and serve the convenience of the parties and witnesses.

Accordingly, coordination or consolidation of pretrial proceedings of the seventeen Related Actions (and any future tag-along actions) will best serve the purposes of 28 U.S.C. § 1407 to ensure the just, speedy, and efficient determination of the common issues and questions of fact and law raised in the Related Actions.

**B. THERE ARE A SUFFICIENT NUMBER OF RELATED ACTIONS TO WARRANT CENTRALIZATION**

Since the filing of the *Santarlas* action in the District of Utah on May 30, 2025, sixteen (16) additional actions have been filed, bringing the total to seventeen (17) actions which are

pending in eight different federal district courts.³

Seventeen (17) different actions in eight (8) different federal district courts are more than a sufficient number of cases and venues to warrant centralization. *See, e.g., In re Denosumab Patent Litigation*, MDL No. 3138 (J.P.M.L. 2025) (finding centralization appropriate where there were at least four different districts at play and the actions shared common questions of fact); *In re Coinbase Customer Data Security Breach Litigation*, MDL No. 3153 (J.P.M.L. 2025) (same).

Furthermore, the Judicial Panel on Multidistrict Litigation ("JPML") regularly centralizes antitrust cases where there are numerous class actions filed in more than one district, as here, where all arise out of the same alleged violations of law stemming from the same common questions of fact. The JPML does so to serve the convenience of the parties and witnesses to promote the just and efficient conduct of the litigation. *See, e.g., In re Qualcomm Antitrust Litigation*, MDL No. 2773 (J.P.M.L. 2017) (finding centralization of antitrust actions appropriate where twenty-nine actions were filed in just two district courts); *In re Google Antitrust Litigation*, MDL No. 2981 (J.P.M.L. 2021) (finding centralization of antitrust actions appropriate where ten actions were filed in just two district courts) (collecting cases).

As such, centralization, which is unopposed, is warranted and appropriate.

### III. THE DISTRICT OF COLORADO IS MORE CONVENIENT AND BETTER SUITED TO MANAGE THIS LITIGATION THAN THE WESTERN DISTRICT OF PENNSYLVANIA OR ANY OTHER COMPETING JURISDICTIONS

The JPML focuses on geography, support for a specific transferee district, and bandwidth, as well as experience of a proposed forum. Specifically, according to the JPML, the most

---

³ The eight districts include the District of Colorado, District of Utah, District of Minnesota, Middle District of Tennessee, Western District of Missouri, Western District of Pennsylvania, Eastern District of Pennsylvania, and Western District of Wisconsin.

appropriate transferee district in multidistrict antitrust litigations is: (1) "convenient and accessible for the parties and witnesses" and the location of "relevant witnesses and evidence[;]" (2) supported by the parties for centralization in the district; and (3) experienced with the bandwidth for navigating "the nuances of complex and multidistrict litigation." *In re Aggrenox Antitrust Litigation*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L 2014).

Based on this analysis, the District of Colorado is the best forum for the JPML to transfer the Related Actions.

### A. THE DISTRICT OF COLORADO IS A CONVENIENT FORUM FOR THE PARTIES, ATTORNEYS, AND WITNESSES

The JPML regularly considers accessibility and convenience to the litigants, documents, witnesses, and attorneys as key factors in deciding where to transfer a centralized action for pretrial proceedings – these factors are more important than the presence of a lone plaintiff or defendant, which is the basis for Movant's request to centralize the Related Actions in Western District of Pennsylvania. *See, e.g.*, *In re Watson Fentanyl Patch Products Liability Litigation,* 883 F. Supp. 1351-52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."); *In re Blue Cross Blue Shield Antitrust Litigation*, MDL No. 2406 (J.P.M.L. Aug. 8, 2025) ("[W]here the actions arise from a single factual core, plaintiffs' individual preferences do not outweigh the collective benefits of centralization to the parties, witnesses, and judicial system as a whole.").

With respect to convenience parties and Class members, Colorado is centrally located in the middle of the United States and is positioned in the very core of bowhunting territory, placing Colorado in the center of gravity for members of the proposed Classes defined in the Related Actions.

4

The District of Colorado's courthouse is easily accessible. It is located in Denver, Colorado – home to one of the largest airports in the United States, Denver International Airport. Denver International Airport is a mere twenty minutes away from the District of Colorado courthouse. The airport is only one of four airports in the United States to exceed flight offerings to over 200 destinations. To that end, Denver International Airport also serves as a hub for three major airlines: Frontier Airlines, Southwest Airlines, and United Airlines. Further, Denver has an abundance of lodging and transportation, including the RTD Rail System, which goes directly from Denver International Airport to a stop which is walking distance to the courthouse (the 18th-Stout rail station).

Colorado is geographically convenient for the parties involved in this MDL. Many Plaintiffs are located in the middle of the country within a short flight to Denver, and the remainder of Plaintiffs are closely located on the West Coast. Defendant Hamskea Archery Solutions LLC is headquartered in Plaintiffs' proposed transferee forum, the District of Colorado, and five of the remaining Defendants are either in states that border Colorado or are one state away. Notably, software provider Defendants Trackstreet and PriceSpider, who are alleged to have facilitated the alleged conspiracy, are located in Nevada and California, respectively. Therefore, a significant amount of pricing data relevant to this action will be located on the West Coast. The JPML has previously favored centralization and transfer in antitrust class actions in a venue where much of the pricing data can be found. *See, In re Construction Equipment Rental Antitrust Litigation*, MDL No. 3152 (J.P.M.L. Aug. 13, 2025) (centralization and transfer to the Northern District of Illinois was appropriate where software provider RB Global, Inc. is headquartered).

Further, of the Defendants named in the Related Actions are on the West Coast near the District of Colorado: Hamskea Archery Supply LLC (Colorado), Hoyt Archery, Inc. (Utah), Bowtech, Inc. (Oregon), Trackstreet (Nevada) and PriceSpider (California).

Accordingly, the District of Colorado's central location makes it the most appropriate geographic location for the litigants in this case. The Western District of Pennsylvania, in contrast, would better accommodate centralization of an action with parties, attorneys and witnesses primarily located on the East Coast. Other competing jurisdictions would be better suited for actions with parties, attorneys and witnesses primarily located on the East Coast (Eastern District of Pennsylvania), in the Midwest (Western District of Missouri, District of Minnesota, or Western District of Wisconsin) or the Southeast (Middle District of Tennessee).

### B. THE DISTRICT OF COLORADO HAS SUBTANTIAL SUPPORT AS A TRANSFEREE FORUM

Presently, five of the seventeen filed actions, including the first-filed action (*Santarlas*) all support centralization and transfer to the District of Colorado.[4]

Historically, the JPML has given weight to consensus between parties when considering the appropriate transferee district for an antitrust class action ; this is consistent with recent JPML jurisprudence. *See, e.g., In re Construction Equipment Rental Antitrust Litigation*, MDL No. 3152 (J.P.M.L. Aug. 13, 2025) (centralizing transferring cases to the preferred transferee district of five different cases all requesting that district) (collecting cases). The JPML should centralize the Related Actions and transfer to the District of Colorado following the same logic here.

---

[4] *Santarlas v. Bowtech Inc., et al.*, Case No. 2:25-cv-00436 (D. Ut. 2025); *Close v. Hoyt Archery, Inc., et al.*, Case No. 2:25-cv-00617 (D. Ut. July 28, 2025); *Sabatini, et al. v. Hoyt Archery, Inc.*, Case No. 1:25-cv-02355 (D. Co. July 30, 2025); *Milby v. Hamskea Archery Solutions LLC, et al.*, Case No. 1:25-cv-02507 (D. Co. Aug. 12, 2025); and *Goodall, et al. v. Hamskea Archery Solutions LLC*, Case No. 1:25-cv-02506 (D. Co. Aug. 12, 2025).

### C. THE DISTRICT OF COLORADO IS WELL EQUIPPED TO MANAGE THIS LITIGATION EFFECTIVELY AND EFFICIENTLY

In addition to its geographical convenience for the litigants, litigants' counsel, and witnesses, the District of Colorado provides an ideal venue for managing this proceeding in the most efficient and expeditious manner.

In the past, the JPML has transferred centralized cases to district courts which have a lighter docket and which are underutilized transferee districts as compared to other district courts. *See, e.g., In re AT&T Inc. Cellular Customer Data Security Breach Litigation*, MDL No. 3124 (J.P.M.L. 2024) (transfer to the District of Montana was appropriate, in-part, because that "litigation offers an opportunity to assign an MDL to an underutilized district that has the capacity to manage the MDL efficiently"); *In re Exactech Polyethylene Orthopedic Products Liability Litigation*, 637 F. Supp. 3d 1381, 1382 (J.P.M.L. 2022) (transfer to the Eastern District of New York was appropriate, in-part, because "it is a relatively underutilized transferee district"); *In re Tasigna (Nilotinib) Products Liability Litigation*, 555 F. Supp. 3d 1363, 1365 (J.P.M.L. 2021) (transfer to the Middle District of Florida was appropriate because that court "offers a convenience and readily accessible district that is underutilized as a transferee forum"). The JPML should do the same here because the District of Colorado is a relatively underutilized transferee district.

Unlike the heavy MDL caseload the Western District of Pennsylvania, the District of Colorado's docket is much more equipped to handle this case. According to the JPML's statistical analysis, there are already numerous active MDLs proceeding in the Western District of Pennsylvania comprised of 885 separate actions. *In re Diisocyanates Antitrust Litigation* (MDL 2862 – 12 active cases); *In re Philips Recalled CPAP, Bi-Level PAP, and Mechanical Ventilator Products Liability Litigation* (MDL 3014 – 832 active cases); and *In re SoClean, Inc. Marketing,*

7

*Sales Practices and Products Liability Litigation* (MDL 3021 – 41 active cases). Comparatively, there are no MDLs actively proceeding in the District of Colorado.

Based upon the foregoing, the District of Colorado has substantially more bandwidth to handle an MDL at this time compared to the Western District of Pennsylvania and is more appropriate as a transferee district because it is both currently and historically underutilized.

### D. THE DISTRICT OF COLORADO, AND, SPECIFICALLY, THE HONORABLE REGINA M. RODRIGUEZ, WOULD BE THE MOST APPROPRIATE CHOICE BY THE JPML FOR MANAGING THIS LITIGATION

The District of Colorado generally, and the Honorable Regina M. Rodriguez specifically, are most appropriate to steer this antitrust class action to resolution.

The District of Colorado has experience managing complex antitrust actions, including several such actions currently proceeding before it. *See, e.g. United Food and Commercial Workers Local 1776 and Participating Employers Health and Welfare Fund v. DaVita Inc., et al.*, Case No. 1:25-cv-01478 (D. Co. 2025); *Shat Acres Highland Cattle, LLC, et al. v. American Highland Cattle Association (AHCA), et al.*, Case No. 1:21-cv-01348 (D. Co. 2021); *Sports Rehab Consulting LLC, et al. v. Vail Clinic Inc.*, Case No. 1:19-cv-02075 (D. Co. 2019). Additionally, District of Colorado is more than capable of handling a complex antitrust class action, including one relating to a sport such as archery. *See, e.g.*, *Fontenot v. National Collegiate Athletics Association, et al.*, Case No. 1:23-cv-03076 (D. Co. 2023) (on-going antitrust class action on behalf of collegiate athletes seeking Name Image and Likeness compensation from television rights against the NCAA).

The Honorable Regina M. Rodriguez, who is overseeing at least one of the Related Actions currently filed in the District of Colorado, is a perfect choice to guide this litigation effectively. During her 19 years in private practice, Judge Rodriguez was an assistant U.S.

8

attorney as well as a partner at three major national law firms, having served as lead trial counsel in numerous complex litigations spanning several different industries. As a district court judge, Judge Rodriguez has overseen litigation and the conclusion of complex class actions. *See, e.g. Shafer v. Lightning eMotors, Inc., et al.,* Case No. 1:21-cv-02774 (D. Co. 2021); *Green v. Pilgrims' Pride Corporation*, 1:23-cv-00661 (D. Co. 2023) (collecting cases).

The JPML also favors giving new MDL actions to judges who have not previously had such an action, like the Honorable Regina M. Rodriguez. *See, e.g. In re Keffer Development Services, LLC Data Security Breach Litigation*, MDL No. 3159 (J.P.M.L. Aug. 8, 2025) (transferring centralized actions to a specific judge because he is "an experienced jurist who has not yet had the opportunity to preside over an MDL"); *In re Procter & Gamble Company "Protect, Grow and Restore" Marketing and Sales Practices Litigation*, MDL No. 3157 (J.P.M.L. Aug. 7, 2025) (same) (collecting cases). This logic applies to the Honorable Regina M. Rodriguez, an accomplished jurist who has not yet presided over an MDL proceeding.

As such, the Honorable Regina M. Rodriguez should be given the opportunity to oversee this litigation upon transfer to the District of Colorado, given that she has never overseen an MDL proceeding before.

## IV. ALTERNATIVELY, THE DISTRICT OF UTAH IS AN APPROPRIATE TRANSFEREE FORUM

In the alternative, Plaintiff respectfully requests consolidation in and transfer to the District of Utah. In addition to the reasons stated above (especially with respect to convenience to the parties and witnesses), the District of Utah is an ideal secondary venue for this litigation because one of the major archery manufacturers (Hoyt Archery) is headquartered in Utah – meaning relevant witnesses and data will be located in Utah.

The District of Utah, like the District of Colorado, is also an underutilized forum which

9

can handle the demands of a complex antitrust class action. Furthermore, Utah is easily accessible by many of the parties, attorneys and litigants.

## V.     CONCLUSION

For the reasons set forth above and pursuant to 28 U.S.C. § 1407, the JPML should transfer the Related Actions to the District of Colorado for pre-trial proceedings; or, in the alternative, to the District of Utah.

| | |
|---|---|
| **DATED**: August 21, 2025 | Respectfully Submitted, |
| | */s/ Blake Hunter Yagman* |
| | Blake Hunter Yagman<br>**SPIRO HARRISON & NELSON LLC**<br>40 Exchange Place, Suite 1100<br>New York, New York 10005<br>Tel.: (202) 557-1221<br>*byagman@shnlegal.com* |
| | *Counsel for Plaintiffs Close and Milby* |