BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

IN RE: ARCHERY PRODUCTS
ANTITRUST LITIGATION

MDL NO. 3160

INTERESTED PARTY RESPONSE OF
PLAINTIFF TIMOTHY REZNICH IN SUPPORT OF TRANSFER OF
RELATED ACTIONS TO THE DISTRICT OF MINNESOTA

Plaintiff Timothy Reznich respectfully submits this response to Plaintiff Shawn Butter's Motion to Transfer Related Actions for Consolidated or Coordinated Pretrial Proceedings, ECF No. 1. Plaintiff Reznich filed his complaint in the District of Minnesota on September 3, 2025 ("Complaint"). Plaintiff Reznich agrees with Plaintiff Erick Babst (Interested Party Response of Plaintiff Babst, ECF No. 40) and with Plaintiffs Jonathan Langley and Mohammed Hussain (Interested Party Response of Langley and Hussain, ECF No. 96) that centralization of the actions is appropriate and that the District of Minnesota is the most appropriate transferee forum.

Plaintiff Reznich fully adopts the arguments made by Plaintiffs Babst, Langley, and Hussain in support of the District of Minnesota, namely that (1) the Archery Trade Association—the hub and organizing entity of Defendants' conspiracy—is headquartered in the District of Minnesota[1]; (2) nearly twice as many Related Actions have been filed in the District of Minnesota (currently nine) than in

---

[1] Compl., ¶ 17, Langley, et al. v. BowTech Inc., et al., 25-cv-03190-PJS-DJF (D. Minn.) (ECF No. 1).

1

any other district[2]; (3) the District of Minnesota is geographically central; (4) Judge Laura M. Provinzino would be an ideal transferee judge; (5) docket conditions in the District of Minnesota are amenable to transfer there; and (6) many class members will be located in the District of Minnesota as it consistently ranks among the states with the highest number of bowhunters (and roughly nine times as many bowhunters as Colorado).[3]

---

[2] The current related actions are:

1. *Babst v. Archery Trade Ass'n, Inc., et al.*, No. 0:25-cv-02721 (D. Minn.)
2. *Borreson Archery Trade Ass'n, Inc., et al.*, No. 0:25-cv-3578 (D. Minn.)
3. *Butter v. Archery Trade Ass'n, Inc. et al.*, No. 2:25-cv-01004-MJH (W.D. Pa.)
4. *Carollo v. Bowtech, LLC et al.*, No. 25-cv-631 (W.D. Mo.)
5. *Close v. Hoyt Archery, Inc. et al.*, No. 25-cv-617 (D. Utah)
6. *Dunkin v. Bowtech, LLC, et al.*, Case No. 4:25-cv-00546 (W.D. Mo.)
7. *Eichman et al. v. Archery Trade Ass'n, Inc., et al.*, No. 25-cv-2644 (D. Colo)
8. *Fiorentino v. Hamskea Archery Sols. LLC et al.*, No. 25-cv-02834 (D. Colo.)
9. *Goodall v. Hamskea Archery Sols. LLC et al.*, No. 25-cv-2506 (D. Colo.)
10. *Hansen v. Archery Trade Ass'n, Inc. et al.*, No. 25-cv-779 (M. D. Tenn.)
11. *Hernandez Diaz v. Bowtech, Inc., et al.*, No. 2:25-cv-04277 (E.D. Pa.)
12. *Janochoski v. Hoyt Archery, Inc. et al.*, No. 0:25-cv-02788-LMP-ECW (D. Minn.)
13. *Langley v. Bowtech Inc. et al.*, No. 25-cv-3190 (D. Minn.)
14. *May v. Archery Trade Ass'n et al.*, No. 25-cv-03651-LMP-ECW (D. Minn.)
15. *Milby v. Hamskea Archery Sols. LLC et al.*, No. 25-cv-2507 (D. Colo.)
16. *Montpetit v. Hoyt Archery, Inc., et al.*, No. 3:25-cv-00653 (W.D. Wisc.)
17. *Reznich v. Archery Trade Ass'n, Inc., et al.*, No. 0:25-cv-3480 (D. Minn.)
18. *Sabatini v. Hoyt Archery, Inc. et al.*, No. 25-cv-2355 (D. Colo.)
19. *Santarlas v. Hoyt Archery, Inc. et al.*, No. 25-cv-436 (D. Utah)
20. *Simcik v. Archery Trade Ass'n., Inc. et al.*, No. 0:25-cv-02875-LMP-JFD (D. Minn.)
21. *Swails v. Archery Trade Ass'n et al.*, No. 25-cv-3146 (D. Minn.)
22. *Vale v. Hoyt Archery, Inc. et al.*, No. 25-cv-3110 (D. Minn.)

Nine actions have been filed in the District of Minnesota; five in the District of Colorado; two in the District of Utah; two in the Western District of Missouri; one in the Middle District of Tennessee; one in the Western District of Wisconsin; one in the Eastern District of Pennsylvania; and one in the Western District of Pennsylvania (collectively all twenty-two cases are referred to herein as the "Related Actions").

[3] 2021 STATE-BY-STATE BOWHUNTER NUMBERS, ARCHERY TRADE ASSOCIATION, https://archerytrade.org/wp-content/uploads/2023/03/2021-Bowhunter-Data-1.pdf (last visited July 23, 2025) (showing 104,711 bowhunters in Minnesota during 2021–22 season, ranking 11th out of 50 states).

Rather than duplicating the above arguments made by the plaintiffs seeking transfer to the District of Minnesota, Plaintiff Reznich offers his perspective on why the District of Minnesota is a more appropriate forum for centralization than the District of Colorado.

I. **The District of Minnesota is a more appropriate forum for centralization than the District of Colorado.**

First, only one defendant is headquartered in Colorado—Hamskea Archery Solutions. Hamskea is a manufacturer that has only been named in three of the twenty-two Related Actions[4] and the first two of those actions to be filed were by firms that originally filed in Utah, where they did not name Hamskea.[5] In contrast, the Archery Trade Association ("ATA"), which is the central hub of the hub-and-spoke conspiracy at issue and is named in every Related Action, is headquartered in the District of Minnesota.[6] The ATA's Board of Directors is made up of representatives from Archery Product manufacturers, distributors, and retailers; and Defendants at each level of the Archery Products supply chain have occupied several seats on the ATA's Board of Directors in each year of the conspiracy.[7] The ATA spearheaded the

---

[4] *Goodall v. Hamskea Archery Sols. LLC et al.*, No. 25-cv-2506 (D. Colo.); *Fiorentino v. Hamskea Archery Sols. LLC et al.*, No. 25-cv-02834 (D. Colo.); *Milby v. Hamskea Archery Sols. LLC et al.*, No. 25-cv-2507 (D. Colo.).

[5] *Close v. Hoyt Archery, Inc. et al.*, No. 25-cv-617 (D. Utah); *Santarlas v. Hoyt Archery, Inc. et al.*, No. 25-cv-436 (D. Utah).

[6] *See, e.g.*, Complaint ¶ 17.

[7] *See, e.g.*, Compl., ¶ 5.

establishment and monitoring of the MAP policies that are central to Plaintiffs' claims.[8]

The District of Colorado's connection to this litigation is comparatively tenuous. The fact that Defendant Dick's Sporting Goods bought the naming rights to the stadium used by Colorado's professional men's soccer team, for example, does not demonstrate a strong nexus.[9] Nor does the fact that several Defendants have a number of stores or authorized dealers in Colorado (*e.g.*, Bass Pro Shops has 3 of its 106 stores in Colorado and Hoyt Archery has 16 authorized dealers in Colorado) since these Defendants have roughly the same number of locations in Minnesota (*e.g.*, Bass Pro Shops has 3 stores in Minnesota, plus 2 Cabelas, and Hoyt Archery has 15 authorized dealers in Minnesota).[10] And besides, a Bass Pro Shop store or a Hoyt Archery dealer is highly unlikely to contain relevant discovery—like, for example, the ATA email servers would—or to be home to important deponents as with the ATA headquarters in Minnesota.[11]

Similarly, of the five complaints filed in the District of Colorado, only two complaints are filed by plaintiffs that reside in Colorado.[12] Two of the plaintiffs that primarily support transfer to Colorado are represented by firms that originally filed

---

[8] *See, e.g.*, Compl., ¶¶ 58–139.

[9] Interested Party Response of Plaintiffs Eichman and Kramer, ECF No. 94 at 3.

[10] *Id.* at 4.

[11] Sarah Haala (the ATA Trade Show & Membership Manager) and Becky Lux (the Director of Finance at the ATA) also reside in Minnesota. *See* Linkedin.com.

[12] *Goodall v. Hamskea Archery Sols. LLC et al.*, No. 25-cv-2506 (D. Colo.) (Justen and Tanya Goodall); *Eichman et al. v. Archery Trade Ass'n, Inc., et al.*, No. 25-cv-2644 (D. Colo.) (only Joe Kramer).

in Utah and then belatedly filed complaints in Colorado.[13] Conversely, several Plaintiffs who didn't file in Minnesota nevertheless support Minnesota primarily or in the alternative.[14] Plus, all Plaintiffs who filed in Minnesota and have stated their position as to where these actions should be transferred support Minnesota primarily.[15]

As for arguments that MDL docket conditions are superior in Colorado because Minnesota is too congested, this is belied by a review of the District of Minnesota's median time to disposition in civil cases (8.7 months) and median time to trial in civil cases (42.6 months), which are comparable to those in Colorado.[16] Moreover, Judge Provinzino doesn't have any MDLs assigned to her, so she would benefit from the deep MDL experience of her colleagues without being encumbered by any MDLs of her own.[17]

## II.   Conclusion

---

[13] *Close v. Hoyt Archery, Inc. et al.*, No. 25-cv-617 (D. Utah); *Santarlas v. Hoyt Archery, Inc. et al.*, No. 25-cv-436 (D. Utah).

[14] Plaintiff Hugh Hansen (filed in M.D. Tenn.) moved to transfer to either M.D. Tennessee or Minnesota; Plaintiff Samuel Hernandez Diaz (filed in E.D. Pennsylvania) moved to transfer to Minnesota; Plaintiff Montpetit (filed in W.D. Wisconsin) moved to transfer to W.D. Missouri or, alternatively, Minnesota; Plaintiff Eichman & Kramer (filed in D. Colo) moved to transfer to Colorado or, alternatively, Minnesota.

[15] Plaintiff Erick Babst's Response to Motion to Transfer, ECF No. 40 at 1; Response in Support of Transfer of the *Janochoski* Action, ECF No. 65 at 1; Plaintiff Matt Simcik's Joinder in Erick Babst's Response, ECF No. 64; Interested Party Response of Plaintiffs Jonathan Langley and Mohammed Hussain, ECF No. 96 at 1; Michelle May's Joinder in Erick Babst's Response to Motion to Transfer, ECF No. 109.

[16] National Judicial Caseload Profile, https://www.uscourts.gov/sites/default/files/document/fcms_na_distprofile0331.2025.pdf

[17] *See In re Cattle & Beef Antitrust Litig.*, No. 0:22-md-03031-JRT-JFD (D. Minn.); *In re Pork Antitrust Litig.*, No. 0:18-cv-01776-JRT-JFD (D. Minn.); *In re Granulated Sugar Antitrust Litig.*, No. 0:24-md-03110-JWB-DTS (D. Minn.).

Because of the foregoing, the District of Minnesota is the appropriate forum for centralization and is a superior forum to the District of Colorado.

/s/ Kevin S. Landau
Kevin S. Landau
(pro hac vice forthcoming)
Brett Cebulash
(pro hac vice forthcoming)
Evan Rosin
(pro hac vice forthcoming)
**TAUS, CEBULASH & LANDAU, LLP**
123 William Street, Suite 1900A
New York, NY 10038
Telephone: (212) 931-0704
Facsimile: (212) 931-0703
klandau@tcllaw.com
bcebulash@tcllaw.com
erosin@tcllaw.com

/s/ Vildan A. Teske
Vildan A. Teske (MN#241404)
Lee Owen (MN#505523)
**TESKE LAW PLLC**
80 South Eighth Street, Suite 900 Minneapolis, MN 55402
(612) 746-1558
teske@teskelaw.com

*Attorneys for Plaintiff Timothy Reznich and the Proposed Class*

/s/ Lee Albert
**GLANCY PRONGAY & MURRAY LLP**
Lee Albert
Brian Brooks
230 Park Avenue, Suite 358
New York, NY 10169
Tel: (212) 682-5340
Fax: (212) 889-0944
lalbert@glancylaw.com

*Attorneys for Plaintiff Jake Vale and the Proposed Class*

6