UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: ARCHERY PRODUCTS ANTITRUST LITIGATION   MDL No. 3160


TRANSFER ORDER


  **Before the Panel**:[*] Plaintiff in the Western District of Pennsylvania *Butter* action moves under 28 U.S.C. § 1407 to centralize this litigation in the District of Colorado.[1] The litigation consists of seven actions pending in five districts, as listed on Schedule A. The Panel also has been notified of sixteen related actions pending in three additional districts.[2] All responding parties support centralization. Plaintiffs variously support centralization, in the first instance or in the alternative, in the District of Colorado, the District of Minnesota, the Western District of Missouri, the Middle District of Tennessee, and the District of Utah. All responding defendants[3] request centralization in the District of Utah.

  On the basis of the papers filed and the hearing session held, we find that these actions involve common questions of fact and that centralization in the District of Colorado will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. The actions involve common questions of fact arising from allegations that defendants have conspired to fix the prices of archery products—including bows, arrows, arrowheads, targets, and accessories such as bow cases, quivers, sights, and scopes—through the adoption, implementation, and enforcement of minimum advertised pricing (MAP) policies. Plaintiffs assert

---

[*] Judge Dale A. Kimball did not participate in the decision of this matter. In addition, one or more Panel members who could be members of the putative classes in this litigation have renounced their participation in these classes and have participated in this decision.

[1] Movant originally sought centralization in the Western District of Pennsylvania but subsequently amended his position to request centralization in the District of Colorado.

[2] These and any other related actions are potential tag-alongs. *See* Panel Rules 1.1(h), 7.1, and 7.2.

[3] Archery Trade Association, Inc.; Hoyt Archery, Inc.; Bowtech, LLC; BPS Direct, LLC; Cabela's LLC; Dick's Sporting Goods, Inc.; Jay's Sports, Inc.; Lancaster Archery Supply, Inc.; Mathews Archery, Inc.; NeuIntel LLC; and TrackStreet, Inc. Defendants Precision Shooting Equipment, Inc.; Kinsey's Outdoors, Inc.; and Roger's Sporting Goods Holdings, Inc., did not respond to the motion.

- 2 -

that defendants' MAP policies are, in effect, minimum retail pricing policies because retailers that sell below MAP pricing are cut out of the supply chain by manufacturers and distributors. Defendants include manufacturers, distributors, and retailers of archery products, as well as the Archery Trade Association (ATA), a professional association that is alleged to have served as the "hub" for defendants' communications. Also named as defendants or alleged co-conspirators are TrackStreet, Inc., and Neuintel LLC, whose software allegedly was used to track pricing and enforce MAP policies. Plaintiffs in all actions assert virtually identical price-fixing claims under the Sherman Act.

All parties agree that centralization is appropriate. The actions will involve common questions of fact including whether defendants' MAP policies effectively resulted in minimum retail price agreements, whether defendants' conduct has any reasonable or justifiable procompetitive benefits, whether defendants have exchanged competitively sensitive, non-public information about prices, sales volume, demand, and purchasing and sales strategies, whether defendants' conduct caused the price of archery products in the U.S. to be artificially high and noncompetitive, and whether plaintiffs were injured by defendants' conduct. All actions are brought on behalf of overlapping nationwide classes of archery product purchasers. Ten defendants are named in all actions and are alleged to have conspired with one another and with the software companies; consequently, discovery will overlap extensively. Centralization will avoid the risk of inconsistent rulings regarding class certification, discovery, and other pretrial issues. With a total of 23 related actions pending in eight districts, centralization will provide substantial efficiencies for the parties, witnesses, and the judiciary.

We select the District of Colorado as the transferee district for this MDL. This litigation offers an opportunity to assign an MDL to an underutilized district that has the capacity to manage the litigation efficiently. Six potential tag-along actions are pending in the district. Movant and plaintiffs in eight additional actions or potential tag-along actions request the District of Colorado as their first or second choice. We assign the litigation to Chief Judge Philip A. Brimmer, an experienced jurist who has not yet had the opportunity to serve as a transferee judge. We are confident that he will steer this matter on a prudent and expeditious course.

- 3 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the District of Colorado and, with the consent of that court, assigned to the Honorable Philip A. Brimmer for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

Karen K. Caldwell
Chair

Nathaniel M. Gorton   Matthew F. Kennelly
David C. Norton       Roger T. Benitez
Madeline Cox Arleo

IN RE: ARCHERY PRODUCTS ANTITRUST LITIGATION         MDL No. 3160

## SCHEDULE A

<u>District of Minnesota</u>

BABST v. ARCHERY TRADE ASSOCIATION, INC., ET AL., C.A. No. 0:25−02721
JANOCHOSKI v. HOYT ARCHERY, INC., ET AL., C.A. No. 0:25−02788
SIMCIK v. ARCHERY TRADE ASSOCIATION, INC., ET AL., C.A. No. 0:25−02875

<u>Western District of Missouri</u>

DUNKIN v. BOWTECH, LLC, ET AL., C.A. No. 4:25−00546

<u>Western District of Pennsylvania</u>

BUTTER v. ARCHERY TRADE ASSOCIATION, INC., ET AL., C.A. No. 2:25−01004

<u>Middle District of Tennessee</u>

HANSEN v. ARCHERY TRADE ASSOCIATION, INC., ET AL., C.A. No. 3:25−00779

<u>District of Utah</u>

SANTARLAS v. BOWTECH, INC., ET AL., C.A. No. 2:25−00436